ROBERT J. TWOHEY AND SUZANNE R. TWOHEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Twohey v. Commissioner
Docket No. 20444-91
United States Tax Court
T.C. Memo 1993-547; 1993 Tax Ct. Memo LEXIS 567; 66 T.C.M. (CCH) 1394; November 22, 1993, Filed *567 Decision will be entered under Rule 155. For petitioners: James A. Bennett. For respondent: Richard A. Stone. JACOBS
JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: Respondent determined the following deficiencies in, and additions to, petitioners' Federal income taxes: Additions to Tax
Sec.
Sec.
Sec.
Year
Deficiency
6653(a)(1)(A)
6653(a)(1)(B)
6661(a)
1986
$ 8,132
$ 433
[1]
$ 2,088
1987
5,005
277
[2]
1,383
All section references are to the Internal Revenue Code in effect during the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. This case involves the deductibility of rental losses claimed by petitioners on Schedule E of their 1986 and 1987 joint income tax returns with regard to a Scottsdale, Arizona, condominium unit they owned. The specific issues for decision are: (1) Whether petitioners used their Scottsdale, Arizona, condominium for personal purposes in excess of 14 days in either 1986 or 1987. We hold that they did not. (2) Whether petitioners are liable for the additions *568 to tax pursuant to section 6653(a)(1)(A) or (B) or 6661. We hold that they are not. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Robert J. Twohey and Suzanne R. Twohey, husband and wife, filed joint Federal income tax returns for 1986 and 1987. At the time the petition was filed, petitioners resided in Champaign, Illinois. Robert J. Twohey is a cardiologist; Suzanne R. Twohey is a counselor. They have two daughters, Mary and Amy. During the years at issue, Mary was approximately 18 years old, and Amy was approximately 12 years old. Robert Twohey worked eight summers in construction during high school and college. He has taken advanced courses in woodworking and related subjects from a local junior college. He has taken several shopsmith courses on woodworking, and he maintains a complete tool shop at home. In May 1985, petitioners purchased a condominium unit (Condominium) located at 10015 East Mountain View Road, Scottsdale, Arizona. The Condominium measures 1,100 square feet, exclusive of garage and patios. It contains two bedrooms, two bathrooms, *569 a living room, dining room, kitchen, vanity, and dressing area. The Condominium is located in a complex known as The Fountains. The Fountains encompasses a total of 160 condominium units. Petitioners occupied the Condominium for a total of 29 days during 1986 and 38 days during 1987. These days were spread over seven time periods as follows: 12/20/85 -
01/04/86
04/19/86 -
04/29/86
09/21/86 -
09/30/86
12/28/86 -
01/11/87
05/09/87 -
05/23/87
09/20/87 -
09/26/87
12/27/87 -
01/10/88
Petitioners rented out the Condominium for a total of 48 days during 1986 and 49 days during 1987. The dates of such rentals were: 02/16/86 -
04/04/86
02/15/87 -
04/04/87
Petitioners testified at length with regard to the failure of the builder and developer to complete the Condominium, and the necessity for petitioners to perform substantial repairs and maintenance in order to make the Condominium suitable for rental purposes. Petitioners maintained extensive documentation of the amounts and timing of these expenditures. Petitioners recorded a diary in which they kept track of the days they spent performing such work on the Condominium. According to this diary, one or both of petitioners *570 were engaged in work on the Condominium for 16 of the 29 days that they occupied the Condominium in 1986, and 24 of the 38 days that they occupied the Condominium in 1987. Such work included the installation of the following items: patio drain covers carpeting water purifier door guards metal storage room doors shelves houseplants shower hooks window sun film cable television phone jacks shower and tub stalls security locks Such work also involved cleaning and other common forms of maintenance. OPINION 1. Petitioners Did Not Use the Condominium for Personal Purposes in Excess of 14 days in Either 1986 or 1987
Deductions in connection with the rental of a vacation home are limited if the vacation home is used by the taxpayer during the taxable year as a residence. Sec. 280A(c)(5). A taxpayer is considered to have used a vacation home as a residence if he uses the vacation home for personal purposes for a number of days which exceeds the greater of 14 days or 10 percent of the number of days during the year for which the property was rented at a fair rental. Sec. 280A(d)(1). Here, for both years at issue, 14 days is greater than 10 percent of the number *571 of days during the year for which the Condominium was rented. If the taxpayer, during a given year, has occupied his vacation home for personal purposes in excess of 14 days, section 280A limits deductions so as to not exceed gross rental income. Sec. 280A(c)(5). In general, if a taxpayer uses the home for personal purposes for any part of a day, that day is counted as one of personal use. However, pursuant to section 280A(d)(2), if the taxpayer is engaged in repair and maintenance of the residence on a substantially full-time basis for any day, such use will not constitute personal use of the residence. If the taxpayer is engaged in repair and maintenance of his vacation home on a substantially full-time basis for any day, and other individuals who are on the premises at that time are not so engaged, the mere presence of the other individuals does not allow the Secretary to treat such use as personal. Sec. 280A(d)(2). Respondent contends that petitioners engaged in making capital improvements to the Condominium that do not fall within the statutory exception for repairs and maintenance. We disagree. Petitioners testified at length as to the condition of the Condominium at *572 the time they acquired it, and, specifically, the extent to which there existed portions of the Condominium and related areas in disrepair. Petitioners testified in detail as to their construction experience and the exact work they performed each day. Their uncontroverted testimony was believable. We are satisfied that petitioners performed extensive work in their attempts to make the property suitable and competitive for rental purposes. Petitioners have documented the extent and necessity of this work and the days in which they were so engaged. We believe that this work was ordinary and necessary in order to keep the Condominium competitive in its market. We accept petitioners' assertions that they actually did spend the days they claimed performing substantial work on the Condominium. We are satisfied that petitioners' actions are covered by the repairs and maintenance exception authorized by section 280A(d)(2). Consequently, we hold that petitioners did not use the Condominium for personal purposes in excess of 14 days during either 1986 or 1987. 2. Petitioners Are Not Liable for the Additions to Tax Pursuant to Section 6653(a)(1)(A) or (B) or 6661. A small deficiency *573 may exist because of concessions by petitioners, and because of a capital item petitioners expensed that must be depreciated. Petitioners concede that personal expenditures of $ 95.70 for 1986 and $ 222.79 for 1987 are not deductible. Petitioners spent $ 450 for a decorative statue that must be depreciated rather than expensed. This deficiency, however, will not be a substantial understatement within the meaning of section 6661. Consequently, we hold that petitioners are not liable for the addition to tax pursuant to section 6661. We also find that this small deficiency is not due to negligence. Consequently, we hold that petitioners are not liable for the addition to tax pursuant to section 6653(a)(1)(A) or (B). To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. 50 percent of the interest due on $ 8,659.↩
2. 50 percent of the interest due on $ 5,530.↩